IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG L. HULINSKY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HON. HEATHER BRERETON,<br><br>　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-00746-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Plaintiff Craig L. Hulinsky brings this § 1983 case against Judge Heather Brereton alleging that Judge Brereton issued an order that abridged Mr. Hulinsky's First Amendment rights. (ECF No. 1.) The case is presently before the court on Judge Brereton's Motion to Dismiss (ECF No. 4). Mr. Hulinsky did not file any opposition to the motion and the time for doing so has expired. *See* D. U. Civ. R. 7-1(b)(3)(A).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, in deciding a motion to dismiss brought pursuant to Rule 12(b)(1), the court is not confined to the allegations in the complaint when determining whether the court enjoys, or should exercise, subject-matter jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Finally, while a pro se complaint must be construed liberally, a court must avoid acting as an advocate for a pro se litigant. *Hall* at 1110.

## FACTS

Mr. Hulinsky's Complaint alleges that Judge Brereton issued an order on May 26, 2017, enjoining him from "posting, or causing to be posted, further signs, notices, and other communications of any kind regarding the property." (ECF No. 1 at 4). On June 21, 2017, Judge Brereton issued an order to show cause requiring Mr. Hulinsky to appear at a July 7, 2017, hearing to offer any reason he should not be fined up to $1,000 and jailed for violating the May 26, 2017, injunction. (*Id.*) Mr. Hulinsky contends these actions violate his rights under the First Amendment. Mr. Hulinsky indicates he raised his First Amendment concerns before Judge Brereton at some unspecified time. (*Id.* at 6).

## ANALYSIS

Judge Brereton argues that she is immune from many of the claims Mr. Hulinsky asserts under the doctrine of judicial immunity and Eleventh Amendment immunity. (ECF No. 4 at 3–5, 7). She also contends the court should dismiss this case under the *Younger* abstention doctrine, or at least wait to hear Mr. Hulinsky's declaratory claim until the state matter involving Mr. Hulinsky concludes. (ECF No. 4 at 5–9).

**I.      This case should be dismissed under the *Younger* abstention doctrine**

The District Court must abstain from acting in this case because Mr. Hulinksy seeks to challenge the state court's contempt power in ongoing state litigation and Mr. Hulinsky has or had an opportunity to raise the federal issues in the state proceeding. A federal court must abstain from exercising jurisdiction where three conditions are met: (1) there exists ongoing state criminal, civil, or administrative proceedings; (2) the state court provides an adequate forum to hear the federal plaintiff's claims in the federal lawsuit; and (3) the state proceeding must involve important state interests. *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). The first and second prongs are easily met according to the allegations contained in Mr. Hulisnky's Complaint. He alleges both that there are ongoing state civil proceedings and that he raised the First Amendment challenge in the state matter.[1]

The third and final prong is clearly met because Supreme Court precedent holds that state court's contempt power implicates important state interests. The Supreme Court did not did not delineate the exact boundaries of "Our Federalism" in the seminal case *Younger v. Harris*, but indicated than in certain circumstances, a federal court must abstain from hearing matters implicating important state interests. *See* 401 U.S. 37, 44 (1971). The Court later unequivocally held that the comity principles laid out in *Younger* "apply to a case in which the State's contempt process is involved . . . ." *Juidice v. Vail*, 430 U.S. 327, 335 (1977); *see Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Abstention is proper in cases such as this one that involve 'processes by which the State compels compliance with the judgments of its courts.'"). The Supreme Court found this to be true because "[t]he contempt power lies at the core of the administration of a

---

[1] Mr. Hulinsky had an additional opportunity to raise any constitutional issues during the show cause hearing. The Supreme Court found such a hearing satisfies the second *Younger* prong in *Juidice v. Vail*. 430 U.S. 327, 337 (1977).

State's judicial system." *Juidice* at 335. In the present case, Mr. Hulinsky seeks to challenge Judge Brereton's use of the state court's contempt power. Under *Juidice* this exercise of power implicates important state interests. Based on the foregoing, the court will recommend the District Court decline to exercise jurisdiction under *Younger* and its progeny and dismiss this case without prejudice to resolution in state court.[2]

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the District Court **GRANT** Defendant's Motion to Dismiss. (ECF No. 4).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 29th day of January 2018.

By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[2] In cases involving damage claims, it may be appropriate to stay, rather than dismiss, federal claims under *Younger*. *See Myers*, 876 F.2d at 81. Here, the court recommends dismissal because Mr. Hulinsky does not assert a damage claim and, even if he had, Judge Brereton enjoys judicial immunity because the Complaint only alleges Judge Brereton acted in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).